MIDDLETOWN NAT. BANK OF MIDDLETOWN v. TOLEDO, A. A. & N. M. R. CO. et al.

(Circuit Court, S. D. New York. November 27, 1900.)

JUDGES—INTEREST IN SIMILAR QUESTIONS—EXTENT OF DISQUALIFICATION.

The fact that a judge declines to pass upon the questions of law raised by a demurrer, because of his personal interest in a possible controversy which may involve the same questions in a different suit, does not affect his right or duty to hear other questions in the case, or to dispose of the question of costs, or other matters arising in interlocutory proceedings.

In Equity.

On demurrer to the bill the following order was entered:

The demurrers of the defendants to the bill of the complainant herein having come up for argument before me, and an order having been entered, dated September 28, 1900, directing the argument of said demurrers to be heard before some other judge, and granting leave to file an amended bill upon certain terms therein stated:

Now, upon motion of the defendants, it is ordered that the said order dated September 28, 1900, be, and the same hereby is, resettled so as to read as follows:

"It is ordered that all proceedings had before me in the above-entitled action be, and the same hereby are, vacated; and it is

"Further ordered that the complainant, if so advised, have leave to file an amended bill within thirty days, upon payment of costs and disbursements to

the defendants, but not including a docket fee, to be taxed by the clerk; and a copy of such amended bill is to be furnished to the solicitors for the defendants by the complainant."

Dated November 26, 1900.

Schuyler C. Carlton, for complainant.

Arthur F. Cosby, Lucius H. Beers, and Charles N. Judson, for defendants.

WALLACE, Circuit Judge. The order of September 28th was granted by me as embodying my views expressed to counsel when they were present before me July 24th. These were, in brief, that the argument upon the demurrers should be treated as though it had never taken place, and the complainant, if so advised, should be permitted to amend its bill as authorized by equity rules Nos. 29 and 35. Demurrers having been interposed, and disbursements incurred for printing points and otherwise, the terms to be imposed, the taxable costs up to the time of the argument, should cover these disbursements. As the argument is to be treated as though it had never been had, the docket fee taxable upon a hearing should not be allowed. The order was framed for the purpose of imposing these terms only. The circumstance that I am unwilling, because of my personal interest in a possible controversy in which similar questions may arise, to decide the law questions presented by the demurrers in the cause, does not in the least affect my duty to hear any other questions or dispose of any interlocutory proceeding, and should not trammel my judicial action. It is possible that the order as read, may be capable of misconstruction; and I have therefore made a new order, which I trust will remove any ambiguity.